IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00219-BNB

ROBERT WAYNE ROBINSON,

    Applicant,

v.

MICHEAL ARELLANO, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 21 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Robert Wayne Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Robinson filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has paid the $5.00 filing fee.

The Court must construe the habeas corpus application liberally because Mr. Robinson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robinson will be ordered to file an amended application.

The Court has reviewed the application and finds that the application is deficient. Mr. Robinson's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas

corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Robinson's habeas corpus application is confusing. He is challenging his 2004 conviction in the Douglas County District Court. He alleges that he was convicted of aggravated robbery, third-degree assault, criminal mischief, menacing, and as an habitual criminal. He further alleges that he was sentenced to sixty-four years in prison. The judgment of conviction entered on September 1, 2004, was affirmed on direct appeal on August 38, 2007. Independent research reveals that certiorari review was denied on December 31, 2007. Applicant alleges that he has not initiated any postconviction proceedings. He asserts seven claims for relief.

Mr. Robinson fails to make clear which, if any, of his asserted claims he failed to raise on direct appeal. Morever, since he filed the instant action after certiorari review was denied on December 31, 2007, and since he alleges that he has not initiated any postconviction proceedings, the following statement makes no sense: "State

exhaustion of claims pending, and are not exhausted. Defendant is applying in advance to preserve federal habeas corpus relief while complying with limitation period." Application at 5, ¶ 3.B. In addition, his request for relief also makes no sense: "For this habeas corpus action to be dismissed with prejudice to preserve applicants [sic] federal habeas corpus rights in advance of one year limitation period in the event that state habeas corpus relief is denied." Application at 9, ¶ H.

Mr. Robinson apparently fails to understand 28 U.S.C. § 2244(d) (2006), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

3

> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d). He also apparently fails to understand that filing the instant action and asking for it to be dismissed with prejudice will not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and "therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Accordingly, it is

ORDERED that Mr. Robinson file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robinson, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Robinson fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 21, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00219-BNB

Robert Wayne Robinson
Prisoner No. 49082
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2/21/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk